DEVLIN LAW FIRM LLC
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice*)
ddahlgren@devlinlawfirm.com
Cory Edward (*pro hac vice*)
cedwards@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

LAW OFFICES OF SETH W. WIENER
Seth W. Wiener (SBN 203747)
seth@sethwienerlaw.com
609 Karina Court,
San Ramon, California 94582
Telephone: (925) 487-5607

*Attorneys for Plaintiff*
*Onscreen Dynamics, LLC*

ScienBiziP, P.C.
Hua Chen (SBN 241831)
huachen@scienbizippc.com
Calvin Chai (SBN 253389)
calvinchai@scienbizippc.com
550 South Hope Street, Ste. 2825
Los Angeles, CA 90071
Tel:   213.426.1771
Fax:  213.426.1788

*Counsel for Defendants*
*Sharp Corporation and Sharp Electronics Corporation*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>SHARP CORPORATION & SHARP ELECTRONICS CORPORATION<br><br>     Defendants. | Case No.: 4:20-cv-05555-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's order setting an Initial Case Management Conference (Dkt. No. 15), Civil Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f), Plaintiff Onscreen Dynamics, LLC. ("Onscreen") Defendants Sharp Corporation & Sharp Electronics Corporation (individually each a "Defendant" and collectively as "Defendants" or "Sharp") submit the following Joint Case Management Statement.

1. Jurisdiction and Service

This is an action involving patents arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Sharp does not plan to contest personal jurisdiction or venue. All parties have been served or waived service.

2. Facts

Onscreen's Position

Onscreen seeks adjudication that Sharp has infringed and continues to infringe U.S. Patent Nos. 9,395, 917 ("the '917 patent), and 9,465,663 ("the '663 patent."). These patents are directed towards specific methods and apparatuses concerning touchscreen functionality. For example, the claims of these patents are directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Initially, Onscreen believed that Sharp's touchscreen capable devices, such as its laptops, Aquos Board Models, and printers, infringed these patents. As a result, Onscreen filed the subject Complaint on August 10, 2020.

In light of the circumstances surrounding the COVID-19 pandemic, Plaintiff refrained from formally serving Sharp with the summons and Complaint immediately upon issuance of summons but did give Defendants notice of suit by letter with a courtesy copy of the Complaint and associated documents. Defendants filed an executed waiver of service, extending the deadline to file and serve an answer to the Complaint within 90 days from September 21, 2020 (Dkt. 16). Defendants later obtained an additional extension of time to file an Answer to the Complaint. (Dkt. 28).

1    Subsequently, Defendants notified Onscreen that a supplier for some of the initially
2 accused products, specifically Defendants' laptops and Aquos Board Models, was licensed under
3 the patents in suit. (D.I. 30). Plaintiff has confirmed that the entity does have a license. (Id.)
4 However, the accused printers do not fall under that license. Defendants and Plaintiff have met
5 and conferred on the issue and believe that a settlement is likely to be reached based on this
6 information and are working together to finalize a settlement agreement. The parties sought an
7 additional 60 day stay to work towards settlement. (Dkt. 32). That motion was denied.
8    Defendants have yet to file an answer to the Complaint.
9    <u>Sharp's Position</u>
10    Plaintiff's Complaint accuses a number of Defendants' product lines having touchscreen
11 features. They include interactive display systems (e.g., Aquos Board Models), multi-function
12 printers, and laptops. Plaintiff has now confirmed that Defendants have a license to both the
13 interactive display systems and the laptops. The scope of the accused products is therefore
14 limited to the multi-function printers and significantly reduced. The Complaint does not include
15 a complete limitation by limitation analysis of the multi-function printer products. Plaintiff has
16 indicated its intention to file an amended complaint to remove the licensed products if the Court
17 does not grant a further stay for the parties to reach a quick settlement through private
18 negotiation.
19    Sharp has analyzed the two patents in suit. Both patents belong to the same patent
20 family. Sharp has investigated its multi-function printers and its touch screen feature. Plaintiff's
21 apparent broad interpretation of the patents in suit are not supported by the records. Sharp's
22 products do not infringe the patents in suit. Furthermore, Sharp has looked into prior art
23 literature, and identified references that can be relied upon to invalidate the patents in suit.
24 3. <u>Legal Issues</u>
25    The key legal issues concern the following subjects:
26    (a)    Whether Sharp has infringed any valid claim of the '917 and '663 patents;
27    (b)    If Sharp infringes the '917 and '663 patents, the appropriate damages;
28    (c)    Whether this case is exceptional under 35 U.S.C. § 285;

|   |     |                                                                                  |
|---|-----|----------------------------------------------------------------------------------|
| (d) |   | Whether the '917 and '663 patents are valid;                                   |
| (e) |   | When Defendants had notice of the '917 and '663 patents;                       |
| (f) |   | Whether Plaintiff's claims are barred or limited by affirmative defenses, in law or equity; |
| (g) |   | Whether any other forms of relief are due to any party.                        |

It is the parties' agreed position that other significant legal issues may be disputed as the litigation progresses, though a settlement is likely to be reached without the need for further litigation.

4. <u>Motions</u>

Onscreen's Position:

Onscreen filed a motion to continue case management on November 2, 2020. This motion was denied. Onscreen also filed an unopposed motion for an extension of time to Answer through December 20, 2020 on November 20, 2020 (D.I. 27), which was subsequently granted on November 24, 2020 (D.I. 28). On December 8, 2020, Onscreen filed an unopposed motion to stay all deadlines up to and including January 15, 2021. (D.I. 30). This motion was granted. (D.I. 31). Most recently, on January 20, 2021, Onscreen filed a second unopposed motion to stay all deadlines through March 19, 2021 based on the parties' agreement that a settlement is likely to be reached. (D.I. 32). This motion was denied. (D.I. 33). At this time, Onscreen anticipates filing another motion to stay and a motion to extend the time for Defendants to file an Answer to the Complaint.

Sharp's Position:

The parties believe a settlement is likely to be reached without the need for further litigation. If not, Sharp anticipates filing dispositive motions and establish that the accused multi-function printer products do not infringe any valid claims of the patents in suit.

5. <u>Amendment of Pleadings</u>

At present, Onscreen's does not anticipate the need to add any parties. The parties have yet to agree upon a deadline for otherwise amending pleadings to add parties, claims, or counterclaims as they believe a settlement agreement will be reached without the need for this

deadline. Should the case not be stayed, Onscreen anticipates amending the pleadings to remove any of Defendants' products that fall under the license to the patents in suit. Sharp has yet to file an answer to the Complaint. Should the case not be stayed, Sharp anticipates Onscreen will file an amended complaint, and Sharp will answer or otherwise respond to the amended complaint accordingly.

6. <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties confirm that they have taken appropriate and reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The parties have yet to agree upon a deadline to serve initial disclosures pursuant to Rule 26(a)(1)(A). Communications between parties will continue to determine this deadline, though parties believe such a deadline is unnecessary in light of the ongoing settlement discussions.

8. <u>Discovery</u>

There has been no discovery taken to date. The parties do not believe discovery is required considering the ongoing settlement discussions. Should discovery be necessary, the parties intend to pursue discovery relating to the factual and legal issues raised by the pleadings according to the below:

**A. Limits on Discovery:**

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

1. Depositions

Unless otherwise stipulated by the Court or as provided below for experts the deposition of any other individual is limited to 1 day of 7 hours on the record. The parties agree that each side shall have 75 hours of deposition time for witnesses from the other side (whether the time is used in direct examination or cross examination), including depositions of the parties pursuant to Rule 30(b)(6) and of third parties, but expert depositions are not included within these limits.

The parties will work in good faith to extend the foregoing limits if it is reasonably necessary. If any deposition is taken that requires translation, such deposition is counted as taking half of its actual length; *e.g.*, a 7 hour deposition with a translator will be considered to be a 3.5 hour deposition. Each deposition shall count as a minimum of 3.5 hours of deposition time.

With respect to Rule 30(b)(6), any party may be served with separate deposition notices covering different topics at different times, but a party shall not be required to designate a corporate representative regarding the same topic more than once.

2.   Written Discovery and Document Production

The parties agree that each side may serve up to 25 interrogatories, 70 requests for production, and 25 requests for admission on the other side. Requests for admissions relating to authenticity of documents will not count toward the 25 limit. The parties will work in good faith to reach an agreement regarding the authenticity of documents.

3.   Expert Work Product

The parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, the expert's notes, or drafts of expert reports or declarations.

As used in the preceding paragraph, communications and drafts include communications and drafts relating to other proceedings relating to the patents in suit which are identified as related cases in Section 10 below. However, an expert report or declaration relating to the patents in suit that is served in these other proceedings will be discoverable.

This agreement shall not preclude a party from seeking production of such documents if the expert relies on any such communications, notes, or drafts as the basis of his/her opinion.

B.   **Production of ESI:**

Onscreen has reviewed the ESI Guidelines and has agreed to the following provisions relating to the production of ESI:

The parties agree to use commercially reasonable efforts to produce documents electronically. The parties agree that spreadsheets, source code, videos, animations, audio files,

and presentations that include videos, animations, or audio files shall be produced in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals.

All other documents or Electronically Stored Information ("ESI") amenable to being imaged, including documents that currently exist in hard copy form, will be produced as images on optical disks (*i.e.*, CDs or DVDs), or external hard drives accompanied by load files, or other commercially acceptable means for storing and delivering ESI data (e.g., secure FTP sites). Documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the parties' Protective Order.[1] Each load file shall include fields describing the following characteristics of the imaged documents and ESI, to the extent they are available:

- Unitization (including the production number of the first and last page of each document);
- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);
- Confidentiality (including any designation pursuant to the Protective Order);
- Source;
- Searchable Text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text);
- Operating System Metadata (including author, file name, file path, file size, file type, date created, date modified, and title); and

---

[1] The parties anticipate entering into a Protective Order applicable to this case. Until a case-specific Protective Order is entered, the parties agree to abide by the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order, available at http://www.cand.uscourts.gov/model-protective-orders.

- Correspondence Metadata (including sender ("from"), primary recipient ("to"), courtesy copy ("cc"), blind courtesy copy ("bcc"), subject, message size, sent time/date, received time/date, last modification time, importance, read status, and flag status).

If a party identifies responsive documents or information in a form that cannot reasonably be imaged and that does not fall within the categories to be produced in native format, that party shall inform the requesting party of the existence of such records. The parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such records.

If a party learns of responsive documents or information that are not reasonably accessible (such as magnetic tape archives), or if a party learns facts that cause the party to suspect that responsive documents or information are present in a location or form that is not reasonably accessible, that party shall inform the requesting party of the existence of such records or of the reasons for its suspicions that such records may exist. The parties shall then meet and confer regarding the appropriateness of producing or permitting inspection of such records, and of any appropriate cost sharing.

C. **E-Discovery Liaison**

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or will have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

D. **Protocols for Service by Email**

The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Service by electronic means shall be considered the same as hand delivery for purposes of calculating the time to respond.

Documents served on Onscreen shall be sent to the following email addresses: tdevlin@devlinlawfirm.com; ddahlgren@devlinlawfirm.com; cedwards@devlinlawfirm.com; and dlflitparas@devlinlawfirm.com.  Documents served on Sharp shall be sent to the following email addresses:  huachen@scienbizippc.com; calvinchai@scienbizippc.com; and litigation@scienbizippc.com.

### E. Sealed Materials

The parties agree that materials to be filed under seal shall be served on all parties in a manner consistent with the email service protocol above on the same day as the electronic filing of any document with which they are associated.  The parties further agree that documents designated to be filed under seal that are provided to the Court one day after the electronic filing of the documents with which they are associated shall be treated as though they had been filed concurrently with the electronically filed documents.

### F. Privilege and Privilege Logs

The parties agree that neither side will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.  It is Onscreen's position that neither side is required to list on its privilege log any communications with litigation counsel, regardless of timing.  It is Sharp's position that each side should be required to list on its privilege log any communications predating the filing date of this litigation, provided such communications are otherwise responsive to document requests and discoverable.  The parties further agree that issues regarding the inadvertent production of privilege or work product material shall be addressed as provided in the Federal Rules of Civil Procedure and in the Protective Order to be entered in this case.

### G. Electronic Mail

The parties acknowledge the burden of discovery involving emails and other forms of electronic communication. The parties propose the following discovery protocol involving

emails and other forms of electronic communications: (a) non-email forms of communication, such as text messages, voicemails, and instant messaging applications (*e.g.*, Skype, Skype for Business, Slack) will not be searched during discovery absent good cause; (b) email discovery should be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents at issue, the prior art, the accused products, relevant licensing agreements, and the relevant finances; (c) that, during email discovery, the parties identify appropriate custodians and key words regarding specific topics and meet and confer to set a reasonable timeframe and scope for the requests; and (d) that the parties must propound specific email production requests, and general production requests under Rule 34 must not include email or other forms of non-email communication.

9. Class Actions

This is not a class action.

10. Related Cases

There are a number of related cases in which Onscreen has alleged infringement of the '917 and '663 patents. This present action is the only currently active case, however.[2]

11. Relief

Onscreen's Position

Onscreen seeks (1) an adjudication that Defendants have infringed the '917 patent and the '633 patent; (2) an award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '917 patent and the '633 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to,

---

[2] On information and belief, the following actions have terminated: *Onscreen Dynamics, LLC v. LG Electronics, Inc. et al*, Case No. 4:18-cv-00267 (E.D. Tex. Apr. 16, 2018) and *Onscreen Dynamics, LLC v. Samsung Electronics Co., Ltd. et al*, Case No. 4:18-cv-00268 (E.D. Tex. Apr. 16, 2018); *Onscreen Dynamics, LLC v. ASUSTeK Computer Inc. et al.*, Case No. 4:20-cv-05553 (N.D. Cal. Aug. 10, 2020); *Onscreen Dynamics, LLC v. EMBROSS North America, Ltd.*, Case No. 6:20-cv-00874 (W.D. Tex. Sep. 25, 2020); *Onscreen Dynamics, LLC v. Elo Touch Solutions, Inc.*, Case No. 4:20-cv-06322 (N.D. Cal. Sep. 8, 2020); *Onscreen Dynamics, LLC v. Getac Technology Corporation*, Case No. 6:20-cv-00875 (W.D. Tex. Sep. 25, 2020).

those acts not presented at trial; (3) a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and (4) an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

<u>Sharp's Position</u>

Sharp seeks (a) declaration in favor of Defendants that the asserted claims of the '917 patent are not infringed or the claims are invalid; (b) a declaration in favor of Defendants that the asserted claims of the '663 patent are not infringed or the claims are invalid; (c) a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Defendants' reasonable attorneys' fees; and (d) an award to Defendants of such further relief at law or in equity as the Court deems just and proper.

12. Settlement and ADR

The parties have yet to finalize a settlement agreement or use of ADR to resolve the case at hand.  However, the parties believe a settlement agreement through private negotiation will soon be reached.

13. <u>Consent to Magistrate Judge For All Purposes</u>

It is the parties' position that the parties do not consent to proceed before a magistrate judge for all proceedings.

14. <u>Other References</u>

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties have met and conferred to determine any issues that can be narrowed.  Based on a licensing agreement that was discussed, certain accused products of the Original Complaint may be withdrawn from consideration.  The parties will continue to work in good faith to address narrowing of any issues as discovery proceeds and the issues become clearer.

16. Expedited Trial Procedure

It is the parties' position that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

The parties have yet to agree upon a schedule moving forward as the parties' current position is that all deadlines should be stayed while finalizing a settlement agreement.

18. Trial

The parties request a trial by jury for all issues so triable. The parties anticipate a jury trial of the issues in this case to take approximately three to four court days.

19. Disclosure of Non-party Interested Entities or Persons

Onscreen has not yet filed its Certificate of Interested Entities. Onscreen anticipates filing the certificate shortly. Onscreen expects to certify, pursuant to Fed. R. Civ. P. 7.1, that it is a privately-held corporation with no parent corporation, and no publicly-held corporation owns 10% or more of its stock.

Sharp has not yet filed its Certificate of Interested Entities. Sharp anticipates filing the certificate shortly. Sharp expects to certify, pursuant to Fed. R. Civ. P. 7.1, that Defendant Sharp Electronics Corporation is a wholly owned subsidiary of Defendant Sharp Corporation, and the following companies own at least 10% of the stock of Defendant Sharp Corporation: Hon Hai Precision Industry Co. Ltd., Foxconn (Far East) Limited, and Foxconn Technology Pte. Ltd.

20. Professional Conduct

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other Matters

As noted above, the parties are engaged in settlement discussions and have already narrowed the scope of their dispute substantially. The parties believe a stay is warranted to allowed for the just, speedy and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: January 25, 2021 | Respectfully submitted, |
| 2 | | DEVLIN LAW FIRM LLC |

  */s/ Derek Dahlgren*
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice*)
ddahlgren@devlinlawfirm.com
Cory Edward (*pro hac vice*)
cedwards@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251


LAW OFFICES OF SETH W. WIENER
Seth W. Wiener
California State Bar No. 203747
609 Karina Court
San Ramon, California 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com


*Attorneys for Plaintiff*
*Onscreen Dynamics, LLC*


ScienBiziP, P.C.

 */s/ Hua Chen*
Hua Chen (SBN 241831)
huachen@scienbizippc.com
Calvin Chai (SBN 253389)
calvinchai@scienbizippc.com
550 South Hope Street, Ste. 2825
Los Angeles, CA 90071
Tel:   213.426.1771
Fax:  213.426.1788

Counsel for Defendants
Sharp Corporation and Sharp Electronics Corporation

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Timothy Devlin, attest that concurrence in the filing of this Joint Case Management Statement has been obtained from the signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2021

                                   */s/ Derek Dahlgren*
                                   Derek Dahlgren

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on January 25, 2021

                                                      */s/ Derek Dahlgren*
                                                      Derek Dahlgren